# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSE ROJAS ROMERO,

     Petitioner,

v.

TODD BLANCHE, in his official capacity as
Acting Attorney General of the United States;
MARKWAYNE MULLIN, in his official
capacity as Secretary of the U.S. Department of
Homeland Security; DAVID VENTURELLA,
in his official capacity as Acting Director of the
U.S. Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, in her official
capacity as El Paso Field Office Director, U.S.
Immigration and Customs Enforcement; and
WARDEN, Otero County Processing Center,

     Respondents.

Case No. 2:26-cv-02142-MIS-JFR

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on pro se Petitioner Jose Rojas Romero's Petition for

Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 2, 2026. Respondents Todd Blanche,

Markwayne Mullin, David Venturella, and Mary De Anda-Ybarra ("Federal Respondents"),[1] filed

a Response on July 20, 2026, ECF No. 6.

Petitioner is a citizen of Cuba who entered the country in 2022 and has complied with all

immigration requirements since being released on his own recognizance less than a month after

arrival. Pet. at 4, ECF No. 1; Resp. at 2, ECF No. 6. Petitioner has a United States citizen daughter.

---

[1]     Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Pet. at 5, ECF No. 1. Petitioner has been in ICE custody since May 29, 2026, when he reported for a scheduled appointment. Id. at 4. Petitioner seeks immediate release or a bond hearing based on violations of his Fifth Amendment rights. Id. at 10.

Petitioner "was ordered voluntary departure within 60 days . . . of June 2, 2026[,] . . . [t]herefore, Petitioner has until August 1, 2026, to execute voluntary departure." Resp. at 2, ECF No. 6.

Respondents argue for preservation purposes that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 2. Respondents acknowledge, however, "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, and that its recent ruling is binding on this Court." Id. (citing ___ F.4th ___, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)) (footnote omitted). Respondents do not object to "a bond hearing" but do object to "immediate release." Id. at 3.

The Court finds this case falls under Santillan Quiroz. 2026 WL 1876709, *8. Section 1226(a) governs Petitioner's detention and he is entitled to habeas relief. The Court has released petitioners under a voluntary departure order where the Government has not articulated an interest in their continued detention prior to their voluntary departure date. Hernandez-Hernandez v. Warden, No. 2:26-CV-00974-MIS-JHR, 2026 WL 1031228, at *3 (D.N.M. Apr. 16, 2026). Petitioner is similarly situated. Respondents failed to articulate a legitimate interest in Petitioner's continued detention, see generally Resp., ECF No. 6, and therefore the Court orders his immediate release.

As Petitioner is subject to voluntary departure, he must post a voluntary departure bond on release if so ordered. Hernandez-Hernandez, 2026 WL 1031228, at *3 (citing 8 U.S.C. § 1229c(b)(3)). The Immigration Judge did not so order in this case, Order of the Immigration Judge

at 1, ECF No. 6-3, and therefore Respondents may not impose a bond on Petitioner prior to his release, see Simental v. De Anda-Ybarra, 1:26-cv-01144-MIS-KRS, Order Granting Petition, 2-3, ECF No. 8 (D.N.M. May 4, 2026).

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Jose Rojas Romero's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention with no new conditions of release;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Respondents **SHALL** file a Notice of Compliance with this Order; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE